IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY NATHAN BASS ) | |
| AIS #00297484 ) | |
| ) | |
|    Petitioner ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:20-00394-CG-N |
| ) | |
| PHYLLIS MORGAN[1] ) | |
| *Warden III* ) | |
| *Donaldson Correctional Facility* ) | |
| ) | |
|    Respondent ) | |

## REPORT AND RECOMMENDATION

Petitioner Terry Nathan Bass ("Bass"), an Alabama prisoner proceeding without counsel (*pro se*), initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). The assigned District Judge referred Bass's habeas petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28

---

[1] The Clerk of Court is **DIRECTED** to terminate Kenneth Peters as defendant/respondent in this action and to add Phyllis Morgan as defendant/respondent. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" if the petitioner is currently in state custody. The Alabama Department of Corrections online inmate directory shows that Bass is currently incarcerated at Donaldson Correctional Facility, where Phyllis Morgan is acting as Warden.

U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

Pursuant to this authority, the undersigned has thoroughly reviewed Bass's petition and supplement, the Respondent's answer, the record, and all other filings in this action and recommends that the petition be dismissed as procedurally defaulted because Bass did not first exhaust any of his habeas claims in state court, and he is now procedurally precluded from doing so.

## I. RELEVANT BACKGROUND

Bass was convicted of four sex offenses by a jury in the Circuit Court of Baldwin County, Alabama (Case Nos. CC13-2292 through -2295). (Doc. 12-11, p. 1). He was sentenced to 99 years' imprisonment on each of the first three counts, and 20 years' imprisonment on the fourth count, with all sentences to run consecutively. (Id.). Bass filed a notice of appeal and requested appointment of appellate counsel. (Doc. 12-2, p. 10).

### A. Direct Appeal

On direct appeal to the Alabama Court of Criminal Appeals ("ACCA"), Bass's court-appointed counsel filed a brief and a motion to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967),[2] asserting he had found no meritorious issues for the ACCA to review on

---

[2] This process, known as the "*Anders* Procedure", offers a way for court-appointed attorneys to fulfill their obligations to represent indigent clients while simultaneously meeting their ethical obligations to the Court to raise only nonfrivolous issues. *See U.S. v. Williams*, 29 F.4th 1306, 1311 n.2 (11th Cir. 2022) (summarizing *Anders*).

appeal. (Doc. 12-8). The ACCA permitted Bass's appointed counsel to withdraw and gave Bass permission to file *pro se* a list of issues he wanted the ACCA to review. (Doc. 12-9). In response, Bass filed a *pro se* brief with the ACCA presenting several issues for consideration. (Doc. 12-10).

The ACCA categorized most of Bass's issues as ineffective-assistance-of-counsel claims, which the ACCA found were not properly preserved for appellate review because they were not first raised in the trial court. (Doc. 12-11, p. 2). The ACCA also rejected as unpreserved Bass's argument that jurors A.H. and T.H. should not have been allowed to serve on his jury due to certain voir dire responses, as Bass's trial counsel did not object to either juror. (Doc. 12-11, pp. 2-3). The ACCA rejected Bass's remaining arguments on the merits and affirmed his convictions. (Doc. 12-11, pp. 3-4).

Bass filed a *pro se* application for rehearing, which the ACCA summarily overruled. (Doc. 12-12; Doc. 12-13). Bass then petitioned the Alabama Supreme Court for a writ of certiorari, and that petition was denied without opinion. (Doc. 12-14; Doc. 12-15). A certificate of judgment was issued on October 16, 2015. (Doc. 12-12, p. 1).

B. Alabama Rule 32 Proceedings

Having found no success in the ACCA, Bass petitioned the trial court in October 2016 for post-conviction relief under Alabama Rule of Civil Procedure 32 ("Rule 32 Petition"). (Doc. 12-16, pp. 6-19). After twice returning the case to the trial court for additional proceedings, the ACCA ultimately affirmed the trial court's denial of relief under Alabama Rule 32 by memorandum opinion issued August 9, 2019.

(Doc. 12-29). In that decision, the ACCA addressed, and rejected on the merits, Bass's argument that his trial counsel was ineffective for failing to challenge jurors A.H., T.H., and S.M. because of alleged bias shown during voir dire, and that his trial counsel "was ineffective because he failed to conduct an adequate investigation into Bass's defenses, failed to speak with witnesses for the defense, failed to speak with witnesses for the State, and failed to consider whether expert assistance would assist the defense." (Doc. 12-29, pp. 4-8, 13-14). Bass did not seek further appellate review in his Alabama Rule 32 proceedings, and the ACCA issued judgment on August 28, 2019. (Doc. 12-30).

### C. Federal Habeas Proceedings

Bass filed the present habeas petition on August 3, 2020, the date he certifies it was delivered to prison officials for mailing. (Doc. 1); *Taylor v. Williams*, 528 F.3d 847, 849 n.3 (11th Cir. 2008) ("Under the federal 'mailbox rule,' a *pro se* federal habeas petition is deemed to be filed on the date it is delivered to prison authorities for mailing."). In the habeas petition, Bass raises two grounds for relief: (1) his trial counsel was generally ineffective in investigating his case by failing to interview possible witnesses and secure their testimony at trial; and (2) his trial counsel was ineffective for failing to object to two jurors who showed bias against him in voir dire.[3] (Doc. 1, pp. 6-7).

---

[3] Appended to Bass's form habeas petition is a three-page handwritten document. Pages two and three offer supporting argument for the grounds for relief raised in the habeas petition, so the undersigned treats these as Bass's brief in support of his habeas petition. However, the first page—labeled as a "Motion to Amend Petition Rule 32.7(b)"—simply lists various constitutional claims that appear to be copied

The Respondent, through the Office of the Attorney General of the State of Alabama ("the State"), filed an answer asserting that Bass's habeas petition is due to be dismissed with prejudice as untimely and procedurally defaulted. (Doc. 12). In response, Bass filed a "Motion for Argument" which the Court treated as a reply to the State's answer. (Doc. 13).

On May 10, 2021, the undersigned issued an order explaining that Bass's habeas claims appeared to procedurally defaulted and/or without merit. (Doc. 15). Bass was given an opportunity to respond and show cause why his habeas petition should not be dismissed, so he filed a reply on June 28, 2021. (Doc. 15; Doc. 16). The undersigned has reviewed all of the filings in this matter and recommends that Bass's habeas petition be denied for reasons set forth below.

## II. ANALYSIS

In his habeas petition, Bass asserts two grounds for relief:

**Ground One** – Bass's trial counsel rendered unconstitutionally ineffective assistance by failing to interview possible witnesses and secure their testimony at trial.

---

from Alabama's form petition for Rule 32 proceedings under state law. *See* https://judicial.alabama.gov/docs/library/rules/CR32_appx.pdf (last visited June 28, 2023). Bass offers no factual support or legal argument for these supposed constitutional violations, nor does the Court see how they are related to the two grounds for relief raised in Bass's habeas petition. If Bass intended his habeas petition to include this list of alleged constitutional claims, the undersigned finds he failed to satisfy Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring that a habeas petition specify all grounds for relief *and* state the facts supporting each ground). *See also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (noting that "[t]he § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading'").

> **Ground Two** – Bass's trial counsel rendered unconstitutionally ineffective assistance by failing to object to two jurors who showed bias against him in voir dire.

(Doc. 1, pp. 6-7). As explained in more detail below, both claims are unexhausted and procedurally defaulted.

A. <u>Bass's habeas claims are unexhausted and procedurally defaulted</u>.

28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant *has exhausted the remedies available in the courts of the State…*" (emphasis added). Exhaustion has not occurred if "[the petitioner] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Practically speaking, this means that Alabama's courts must have had a chance to rule on Bass's federal claims before those claims can come to this Court through a federal habeas petition.[4]

The Supreme Court has described the exhaustion requirement like this:

> "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, … state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

---

[4] This exhaustion requirement may be excused "if there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Nothing in the record supports a determination that those exceptions apply in this case.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). This includes "review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) (citing *O'Sullivan*, 526 U.S. at 845). In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. *See Price v. Warden, Att'y Gen. of Ala.*, 701 F.App'x 748, 749-50 (11th Cir. 2017) (per curiam); Ala. R. App. P. 4, 39, 40. Bass's habeas claims are unexhausted because they have not been through a complete round of Alabama's appellate review process.

The undersigned acknowledges that Bass raised claims of ineffective assistance of counsel and juror bias, in substantially the same form as they are raised here, on direct appeal to the ACCA. Both claims were rejected as unpreserved because they had not first been raised in the trial court. (Doc. 12-11). Bass raised the claims again in both the trial court and on appeal to the ACCA in his Alabama Rule 32 proceedings, with both courts rejecting those claims on the merits.[5] However, Bass missed a critical next step that precludes this Court from considering his claims now: Bass did not file an application for rehearing of the ACCA's decision affirming the

---

[5] The ACCA rejected Bass's claims regarding trial counsel's failure to investigate, in part, for failure to plead those claims with the factual specificity required by Alabama Rules of Criminal Procedure 32.3 and 32.6(b) (Doc. 12-29, p. 9), which the Eleventh Circuit has held constitutes a ruling on the merits for purposes of federal habeas review. *See Borden*, 646 F.3d at 813 ("we hold that a summary dismissal of a federal claim by Alabama courts for failure to comply with Rule 32.6(b) is … a ruling on the merits").

denial of Alabama Rule 32 relief, *see* Ala. R. App. P. 40, which in turn precluded him from seeking certiorari review of that decision with the Alabama Supreme Court, *see* Ala. R. App. P. 39(c)(1) (subject to inapplicable exceptions, "[t]he filing of an application for rehearing in the Court of Criminal Appeals is a prerequisite to review by certiorari in the Supreme Court…"); Ala. R. App. P. 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to certiorari review by the Alabama Supreme Court."). The Eleventh Circuit has held that an Alabama habeas petitioner is required to seek discretionary certiorari review with the Alabama Supreme Court in order to be deemed to have exhausted state court remedies. *See Pruitt*, 348 F.3d at 1358-59; *Smith v. Jones*, 256 F.3d 1135, 1139-46 (11th Cir. 2001). Because neither of Bass's habeas claims has been subject to "one <u>complete</u> round of the State's established appellate review process," *O'Sullivan*, 526 U.S. at 845 (emphasis added), they have not been properly exhausted.

Bass's failure to exhaust his habeas claims in the Alabama courts leads to another issue: procedural default. The Eleventh Circuit has adeptly described how procedural default functions:

> "A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."

*Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999) (per curiam) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)). In other

words, claims not properly presented to a state's courts can only be brought in federal court under very limited circumstances.

There are two ways procedural default can arise. One way is if the petitioner never raised a claim in state court, and that unexhausted claim would now be barred due to a state-law procedural rule. *Id.* at 1303 (citing *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), *cert. denied*, 525 U.S. 963, 119 S. Ct. 405, 142 L. Ed. 2d 329 (1998)) (additional citation omitted). The second way procedural default can occur is where the petitioner *does* bring his federal claims in state court, but the state court correctly applies a procedural default principle to dismiss those federal claims. *Id.* at 1302 (citing *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), *cert. denied*, 515 U.S. 1165, 115 S. Ct. 2624, 132 L. Ed. 2d 865 (1995); *Meagher v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988)).

Bass's claims suffer from the first type of procedural default. As explained above, both of these claims are unexhausted because they have not been subject to "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845 (emphasis added). Moreover, it is clear from Alabama law that any future attempts at exhaustion of Bass's habeas claims would be futile. The time for Bass to file an application for rehearing with the ACCA in his Alabama Rule 32 appeal has long passed, *see* Ala. R. App. P. 40(c) (subject to an inapplicable exception, "[a]n application for rehearing and the brief in support of the application must be filed with the clerk of the appropriate appellate court within 14 days (2 weeks) of the date the decision being questioned is issued…"), and Alabama

generally precludes the filing of successive Alabama Rule 32 petitions, in particular "a successive petition on the same or similar grounds on behalf of the same petitioner." Ala. R. Crim. P. 32.2(b). Accordingly, Bass's claims in the present habeas petition are procedurally defaulted.

Since Bass's claims are procedurally defaulted, they are due to be dismissed unless he could show cause for the default and some resulting prejudice, or that he would suffer a fundamental miscarriage of justice through the procedural bar of his claims. *See Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). He cannot show either.

As the Eleventh Circuit has explained,

> A procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice. Cause exists if there was "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986). Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel. *Id.* In addition to cause, the petitioner must also show prejudice: that "there is at least a reasonable probability that the result of the proceeding would have been different" had the constitutional violation not occurred. *Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003).
>
> Even without cause and prejudice, the procedural default of a constitutional claim may be excused if enforcing the default would result in a fundamental miscarriage of justice. This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995). By making this showing of actual innocence, the petitioner may overcome the

procedural default and obtain federal review of the constitutional claim. *Id.*

*Mize*, 532 F.3d at 1190.

Turning first to the "cause and prejudice" exception to procedural default, Bass has maintained throughout these proceedings that his retained Rule 32 counsel, Glenn Davidson, is responsible for Bass's failure to exhaust his claims in state court. (Doc. 8). As noted in this Court's May 10, 2021 Order, these allegations are not sufficient to overcome procedural default as "the Supreme Court ha[s] long held that § 2254 petitioners cannot rely on errors made by their state collateral counsel to establish cause" and Bass does not qualify for the *Martinez* exception. (Doc. 15, pp. 9-10) (citing *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 (11th Cir. 2014) and *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012)).

Bass filed a response to the Court's order, but his response again simply points to Mr. Davidson's alleged inaction as the reason his claims went unexhausted. Bass has not addressed this Court's reasoning under *Hittson* or *Martinez*, nor has he offered any argument or legal authority that changes the undersigned's analysis on this issue. The record remains devoid of grounds for excusing Bass's procedural default of his claims.

This leaves the "fundamental miscarriage of justice" exception to procedural default. And the burden on a petitioner to prove this exception is high. The Supreme Court has said that the "fundamental miscarriage of justice" exception is warranted only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is <u>actually innocent</u>." *Murray v. Carrier*, 477 U.S. 478, 496,

106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). To satisfy this standard, the petitioner must show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (citations omitted). For a claim of actual innocence to be credible, the petitioner must "support his allegations of constitutional error with <u>new reliable evidence</u>—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324. Based on the complete record, the habeas court must then make "a probabilistic determination about what reasonable, properly instructed jurors would do." *Id*. at 329. Critically, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id*. at 316.

Applying this standard to Bass's case, the undersigned cannot find the "miscarriage of justice" exception saves Bass's defaulted habeas claims. The undersigned has reviewed each of Bass's filings in this habeas action and has not found a single instance where Bass himself claims he is actually innocent. Nor has he provided any new evidence that meets the *Schlup* standard of proving that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Bass has provided several statements from individuals whom Bass says would have testified in his favor at trial, but the undersigned does not find these statements sufficient to justify application of

the "miscarriage of justice" exception. To elaborate, the first statement—an affidavit by Teresa Myerscough—speaks to whether Bass intended to testify at trial, which is not even an issue in Bass's current habeas petition. (Doc. 16-1, p. 4). All of the other statements speak to each individual's personal knowledge of Bass's history and their opinions about Bass and his propensity (or not) to commit the charged offenses. (Doc. 16-1, pp. 6-18). These statements, while favorable to Bass, do not constitute sufficient evidence to apply the miscarriage of justice exception to Bass's habeas claims.

In sum, Bass's habeas claims are both unexhausted and procedurally defaulted, and the undersigned finds no "cause or prejudice" or "miscarriage of justice" that excuses the default. Bass's habeas petition is due to be dismissed.

> B. <u>Because Bass's petition fails for other reasons, the Court need not address whether Bass's petition is untimely</u>.

To complete the analysis of Bass's habeas petition, the undersigned revisits the State's argument that Bass's petition is untimely. (Doc. 12, pp. 5-7). As the State correctly notes, 28 U.S.C. § 2244(d)(1) mandates a one-year statute of limitations on Bass's habeas petition. On August 12, 2020, this Court issued an Order requiring Bass to show cause why his petition was not time-barred. (Doc. 3). In response, Bass alleged his retained Rule 32 counsel was responsible for the untimeliness of his petition. The undersigned concluded that Bass's response sufficiently alleged facts showing entitlement to equitable tolling but reserved a ruling on the issue at that time. (Doc. 8). Now that the undersigned has completed review of Bass's petition and has found that the claims are both unexhausted and procedurally barred, there is no

need to decide whether Bass has proven or could prove he is entitled to equitable tolling.

    C.  <u>Bass is not entitled to an evidentiary hearing</u>.

In reply to the State's response to his habeas petition, Bass filed a document entitled "Motion for Argument". (Doc. 13). Bass's filing was docketed as a reply, but for the sake of completeness, the undersigned addresses any suggestion that Bass is entitled to a hearing on his claims. He is not.

Section 2254 sets limits on when a federal habeas court may or should hold an evidentiary hearing in a Section 2254 case:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court <u>shall not hold an evidentiary hearing</u> on the claim <u>unless</u> the applicant shows that-
>
>     (A) <u>the claim relies on</u>-
>
>         (i) <u>a new rule of constitutional law</u>, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>         (ii) a <u>factual predicate that could not have been previously discovered</u> through the exercise of due diligence; <u>and</u>
>
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, <u>no reasonable factfinder would have found the applicant guilty of the underlying offense</u>.

28 U.S.C. § 2254(e)(2) (emphasis added). The Eleventh Circuit has interpreted this provision to place "a fairly stringent limitation on the power of the federal courts to order evidentiary hearings in habeas cases." *Breedlove v. Moore*, 279 F.3d 952, 959 (11th Cir. 2002). That same court has also instructed that it is appropriate to deny

an evidentiary hearing "if such a hearing would not assist in the resolution of [a petitioner's] claim." *Id.* at 960.

The undersigned has carefully reviewed the record and concludes that Bass is not entitled to an evidentiary hearing. Bass's claims are all procedurally barred, and an evidentiary hearing on Bass's allegations would not change that outcome. Accordingly, to the extent he has made one, the undersigned recommends Bass's request for an evidentiary hearing be denied.

D.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (COA) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). When a habeas petition has been denied on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner seeking a COA must show: (1) "'jurists of reason would find it debatable whether the district court was correct in its procedural ruling,' and (2) 'jurists of reason would find it debatable whether the petition states a valid claim of a constitutional right.'" *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000)).

In this case, Bass's claims are unexhausted and procedurally defaulted, and he has not presented this Court with any basis to excuse his procedural bar. In the undersigned's view, reasonable jurists would not debate that Bass's Section 2254 habeas petition must be dismissed. Accordingly, Bass is not entitled to a certificate of appealability as to any of the claims raised in his habeas corpus petition.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties are instructed that, if there is an objection to the undersigned's recommendation against a COA, those objections are to be raised before the district judge in the same way as objections to this report and recommendation are raised.

### III.   CONCLUSION & RECOMMENDATION

The undersigned finds that Bass's habeas corpus claims are unexhausted and procedurally defaulted. Accordingly, the undersigned **RECOMMENDS** that Bass's petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED with prejudice**, that the Court **DENY** Bass a Certificate of Appealability as to said dismissal, and that final judgment be entered in accordance with Federal Rule of Civil Procedure 58. To the extent Bass requests an evidentiary hearing on his claims, the undersigned **RECOMMENDS** that request be **DENIED**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file

specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **12th** day of **July 2023**.

                                          */s/ Katherine P. Nelson*
                                        **KATHERINE P. NELSON**
                                        **UNITED STATES MAGISTRATE JUDGE**